**In the Matter of UNITED CORPORATION.**

**Randolph Phillips and Joseph B. Hyman, Appellants.**

**No. 13390.**

United States Court of Appeals Third Circuit.

Submitted Oct. 4, 1960.

Decided Nov. 1, 1960.

As Amended Nov. 14, 1960.

Randolph Phillips, pro se, for appellants.

Ellwood L. Englander, Thomas G. Meeker, Washington, D. C., for Securities and Exchange Commission.

William S. Potter, Wilmington, Del., for United Corp.

Before BIGGS, Chief Judge, and HASTIE and FORMAN, Circuit Judges.

BIGGS, Chief Judge.

This is an appeal from an order of the District Court entered on June 20, 1960 granting a supplemental application of the Securities and Exchange Commission to enforce and carry out a Commission order dated December 7, 1959, relating to the allowance of fees and expenses for services rendered in the reorganization of the United Corporation pursuant to Section 11(e) of the Public Utilities Holding Company Act of 1935, 15 U.S.C.A. § 79k(e).

The reorganization of the United Corporation began in 1943. See In re United Corp., 13 S.E.C. 854. In June, 1951 the Securities and Exchange Commission approved the corporation's Final Comprehensive Plan under the Public Utility Holding Company Act completing its transformation from a public utility holding company into a registered investment company under the Investment Company Act of 1940, as amended, 15 U.S.C.A. § 80a–1 et seq. In re United Corp., 32 S.E.C. 500. After extensive litigation the Plan was finally approved in 1956. See In re United Corp., 3 Cir., 232 F.2d 601, certiorari denied, General Protective Committee, etc. v. United Corp., 1956, 352 U.S. 839, 77 S.Ct. 59, 1 L.Ed.2d 56. In 1955, prior to the termination of this phase of the litigation, various participants in the proceedings, including the present appellants, Phillips and his attorney, Hyman, submitted applications to the Commission for expenses and fees relating to the rendering of services in connection with the reorganization for the period October, 1949 to September, 1954. After hearings, the Commission granted allowances, *inter alia*, to Phillips and Hyman of $50,000 and $7,000 respectively. On application of the Commission the District Court entered an order enforcing and approving the Commission's order with respect to those allowances. In re United Corporation, Civil Action No. 1650 (Oct. 31, 1956). On appeal this court increased the allowances to Phillips and Hyman to $76,925 and $12,000 respectively. In re United Corporation, 3 Cir., 1957, 249 F. 2d 168.

In 1958, hearings were held by the Commission on applications by Phillips, Hyman and other participants in the reorganization litigation for allowances with respect to services rendered during the period September 15, 1954 to January 1, 1957. The Commission's order, dated December 7, 1959, granted allowances to a number of parties and granted to Phillips and Hyman, who had asked for $30,639 and $4,800, $3,450 and $1,000 respectively. In re United Corp., Holding Company Act Releases 14047 and 14110. The Commission then applied to the District Court for an order carrying out and enforcing its order with respect to these allowances. The court, on December 10, 1959, entered an order fixing January 27, 1960 as the hearing date and requiring any person proposing to oppose the Commission's application to file with the court a written statement of objections and any supporting briefs not later than fifteen days prior to the hearing date. By a supplemental order entered on December 30, 1959, the court postponed the hearing date to March 15, 1960 in order to meet the convenience of counsel.

Written objections and briefs were submitted by three of the claimants involved at least fifteen days prior to the March 15 hearing but no objections were filed by the appellants Phillips and Hyman within the time fixed by the court. Neither did they or either of them request any extension of the hearing date prior to the day of the hearing. On the day of the hearing, fifteen days after the deadline fixed by the court for the filing of objections, the appellant Phillips appeared and requested leave to file objections to the Commission's application on behalf of Hyman and himself. At this time Phillips urged that his delay be excused because of illness and because he had been "extremely busy". After an extensive colloquy between the court and Phillips, portions of which are set out in the margin,[1] the court denied Phillips leave to file his statement of objections

1. As follows: "The Court: Let us hear what Mr. Phillips has to say.

"Mr. Phillips: Your Honor, I make application for leave to file out of time at this time my objections, which were due under your Honor's order on March 1st. My excuse is that I have been ill and I have been overworked and I have had no time physically, not to mention otherwise, to comply with this—

"The Court: The Court has not changed its address, Mr. Phillips. You could have notified the Court and told him what your circumstances were.

"Mr. Phillips: Yes, sir, I could have.

"The Court: And he might have postponed the hearing in order to give you an opportunity to file this so that these other gentlemen and United could have objected to whatever you have to say.

"Mr. Phillips: Of course, when you have a high fever you do not recognize your responsibilities as you would recognize them if you didn't.

"But may I say this: There are no surprises, nothing new in my objections. The corporation and the SEC have had a full statement which was filed with the Commission at the time of my objections, and my position with respect to my claims and this paper, which is extremely limited, six pages, I believe, is simply a summary form—

"The Court: Let me ask you what interest you have in this now? You have gotten your fees, haven't you?

"Mr. Phillips: We all have gotten our fees, except one party. But that is not the issue before your Honor, sir. The issue is on supplemental applications on which your Honor reserved jurisdiction for supplemental fees for things after the period of time for which I was compensated, and secondly, with respect to other claims which your Honor reserved jurisdiction over, in effect.

"The Court: Are there any other claims by you?

"Mr. Phillips: Yes, sir.

"The Court: Haven't they been allowed?

"Mr. Phillips: There are two claims by me. The SEC has allowed one claim in full, and the second claim, that is only partially allowed, and my objections are addressed to the partial allowance—that is, the disallowance; and I should say there is a third claim based on interest for the disbursements which I made over thirteen years ago and was only reimbursed a few years back, and the SEC has taken the position that with respect to that claim the mandate of the Court of Appeals governs. I am seeking to show that that is an error and misconceives the status of the present proceeding.

"The Court: I don't want to be personal, Mr. Phillips, and you don't have to answer this question if you don't want to, but what was the nature of your illness and what was the length of your illness?

"Mr. Phillips: I still am ill, your Honor. I have Asiatic Flu, sir. There was, unfortunately, no immunization, and if your Honor wishes me to verify that further I will.

"The Court: I take your word for it. How long were you sick, sir?

"Mr. Phillips: I am still sick, your Honor.

"The Court: When did you get sick?

"Mr. Phillips: I got sick about three weeks ago, sir.

"The Court: When was it that there was a notice sent out about this matter?

"Mr. Potter: It was sent out on January 5th, if your Honor please.

"Mr. Englander: The prior one was sent out on December 15th.

"Mr. Phillips: May I say this, your Honor: The SEC has a habit of coming in here ex parte and fixing its own schedule without notification.

"The Court: The Court has a habit of fixing the hearings on these things at a reasonable time in advance so that everybody has a reasonable opportunity to file whatever they have to file, and the Court tries to do that taking into consideration that many people are busy with many things and that there is a possibility of illness. It seem to me when

and a supporting brief relating to his and appellant Hyman's allowances because of their failure to take action as contemplated by the court's order within the period prescribed by it.

On this appeal, Phillips and Hyman contend that the court's refusal to consider their objections to the Commission's application constituted an abuse of discretion. The United Corporation filed a motion to dismiss on the ground that this court lacked jurisdiction. The issue raised by this appeal, *viz.*, whether the court below abused its discretion in denying to the appellants the right to present their objections, concerns their standing to make those objections, but does not relate to their standing to take this appeal from the denial of that right. We, therefore, denied the motion on October 4, 1960, whereupon it was agreed by the parties that the case be submitted without oral argument on briefs. This having been done we now turn to the merits of the appeal.

▮ We cannot agree that the court below abused its discretion. A United States District Court, in all cases not provided for by the Federal Rules of Civil Procedure, 28 U.S.C., or by its local rules,[2] may regulate the practice to be followed in proceedings properly before it in any manner not inconsistent with the Federal Rules of Civil Procedure or statute. See Rule 83, Fed.Rules of Civ. Proc. and Section 2071, Title 28 U.S.C. The manner and enforcement of such regulations rests in the court's sound discretion and will not be interfered with by an appellate tribunal in the absence of a showing of arbitrariness or fundamental unfairness. In the present case the appellants had several months in which to prepare and file their objections. The appellants do not contend that they were not properly notified or were not fully aware of the timetable set by the trial judge. A memorandum was in fact prepared by one or both of them at some time prior to the date fixed for hearing, but neither at the time of its preparation nor at any other time did Phillips or Hyman make an effort to inform the court of the need for delay or postponement of the proceedings. An effort at some kind of notification should certainly have been made by Phillips during the time that he was "extremely busy" for preoccupation with other affairs cannot excuse compliance with a court order. Moreover, even though Phillips was apparently ill during part of the time preceding the hearing date, his attorney of record, Hyman, also an appellant, has asserted no excuse.

We do not pass upon the merits of the refusal of the Commission to grant the allowances sought by the appellants. We do not reach this question. We can and do say that the trial court laid down a very fair procedure for settling any dispute as to allowances. The appellants disregarded this procedure and could present no reasonable excuse demonstrating that their inaction was prompted by causes other than lack of due diligence or a want of proper regard for the court's order. Under such circumstances we cannot hold that the court's disposition

this notice went out in December and another notice went out in January if you had exercise the proper amount of interest in this matter at the proper time you would have been in a position to file something before this Court.

"Mr. Phillips: Your Honor, I was extremely busy in New York prior to this time, extremely busy, and I think that counsel often obtain the same kind of grace that I am asking your Honor.

"The Court: I don't know whether you are familiar with procedures in courts, Mr. Phillips. I think you are.

But I don't know of any time that any attorney has ever come before this Court on the day of hearing and made an application and given an excuse. I have had attorneys who have asked that the matter be continued for various reasons, and it is done; and when a person is sick it is done as a matter of course. This is a matter of Court discipline, and I am not going to permit you to come into this case. That is it."

2. The United States District Court for the District of Delaware has no rule applicable to a situation such as that at bar.

was fundamentally unfair or arbitrary and therefore an abuse of its discretion.

It follows that the order of the court below of June 20, 1960 approving the supplemental application of the Securities and Exchange Commission will be affirmed.