**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4470
_____

ROBERT E. WILSON,

                                        Appellant

v.

IRON TIGER LOGISTICS, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  5-13-cv-01562)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted under Third Circuit LAR 34.1(a)
on September 11, 2015

Before:  VANASKIE, SLOVITER, and RENDELL, <u>Circuit Judges</u>

(Opinion filed: October 28, 2015)

_____

OPINION[*]

**RENDELL**, <u>Circuit Judge</u>:

Robert Wilson appeals from the District Court's grant of summary judgment in favor of Iron Tiger Logistics, Inc. ("Iron Tiger") on Wilson's claims that he was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §§ 951 *et seq*. ("PHRA"). Wilson contends that the District Court's ruling should be dismissed because of procedural flaws and because there was sufficient evidence in the record to support a finding that he was disabled.[1] We will affirm the District Court's conclusion that there was insufficient evidence from which a jury could reasonably find that Wilson was disabled under the ADA or PHRA.

## I. BACKGROUND

Wilson worked as a truck driver for Iron Tiger. His duties included receiving a load of trucks, delivering them to customers' facilities, and "undecking" and reassembling the trucks at the delivery location. Undecking takes approximately one hour to complete and involves conducting safety checks, hooking straps to the axles of the trucks, using wrenches to loosen and tighten bolts, and reinstalling axles and exhaust

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367; this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

stacks. Drivers may take extra time to complete the undecking process in order to warm up, rest, or eat.

In January 2010, Wilson experienced frostbite on several fingers while delivering a load of trucks in Canada. The only documented work restrictions caused by the frostbite were that Wilson needed to "avoid any prolonged exposure to cold" and "must be able to warm up his fingers immediately if he feels any pain in the fingertip." (App. 232.) Wilson admitted that his frostbite did not affect his ability to see, hear, eat, sleep, walk, stand, sit, reach, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, or interact with others. (App. 106-07.) It only affected his ability to work by causing him pain when working outside in extreme cold. To allow him to fulfill his duties as a driver and comply with his doctor's restrictions, Iron Tiger allowed (and instructed) Wilson to wear gloves when delivering and undecking loads, to take longer when delivering loads, and to warm up his hands in the cab of the truck or in the customers' facilities when delivering loads.

On December 18, 2010, Wilson was terminated for refusing to accept a load of trucks for dispatch to Canada, as required by his union contract. Iron Tiger assured Wilson that he would be given the opportunity to keep his hands warm during undecking; it offered to call ahead to make sure the customer was aware Wilson had extra time to complete the delivery process; and it warned him that failure to accept the load would result in termination. Nonetheless, Wilson refused to go to Canada under any condition.

3

## II. ANALYSIS

### A. Procedural Challenges[2]

The District Court did not abuse its discretion in any of the procedural rulings challenged by Wilson. Although Wilson contends that Iron Tiger did not prepare a joint statement of material facts in accordance with Judge Schmehl's Practices and Procedures, the District Court's decision to allow this deviation from its suggested procedures does not constitute arbitrariness or fundamental unfairness. Nor does Iron Tiger's alleged violation of Eastern District of Pennsylvania Local Rule of Civil Procedure 5.1.2, by electronically filing an excess number of exhibit pages, warrant our interference with local procedural rules. Finally, Wilson's conclusory claims that the District Court's handling of the summary judgment motion was "odd," "unusual," and "highly irregular" also do not constitute a showing of arbitrariness or fundamental unfairness. For these reasons, we will not reverse the District Court's ruling on these procedural grounds.

---

[2] Federal Rule of Civil Procedure 83 grants the district courts the power to "adopt and amend rules governing its practice," and the Supreme Court of the United States has recognized the inherent power of the courts to take appropriate action to secure the just and prompt disposition of cases. *Schlesinger v. Teitelbaum*, 475 F.2d 137, 141-42 (3d Cir. 1973) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). Rule 83(b) allows courts discretion to manage cases when the rules are silent on an issue in any manner not inconsistent with the Federal Rules of Civil Procedure or statute. "The manner and enforcement of such regulations rests in the court's sound discretion and will not be interfered with by an appellate tribunal in the absence of a showing of arbitrariness or fundamental unfairness." *In re United Corp.*, 283 F.2d 593, 596 (3d Cir. 1960) (citing Fed. R. Civ. P. 83).

**B. Summary Judgment**[3]

Because Wilson did not present direct evidence of discrimination, he must proceed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Matczak v. Frankford Candy & Chocolate Co.,* 136 F.3d 933, 938 (3d Cir. 1997). Under this framework, Wilson must first establish a prima facie case of discrimination by demonstrating: (1) he is disabled within the meaning of the ADA, (2) he is otherwise qualified for the job, and (3) he was subjected to an adverse employment action because of that disability. *McDonnell Douglas*, 411 U.S. at 802; *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).

**1. ADA Claim**

To qualify as disabled under the ADA, a plaintiff must prove that a physical or mental impairment (1) substantially limits one or more major life activities, (2) a record of such impairment, or (3) plaintiff is regarded as having such an impairment. 42 U.S.C. § 12102(1). "Major life activities" include caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. *Id.*

---

[3] This Court reviews the District Court's summary judgment determination de novo, applying the same standard as the District Court. *Pettruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.,* 998 F.2d 1224, 1230 (3d Cir. 1993). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To establish a genuine issue of material fact, a party opposing summary judgment must point to specific and sufficient evidence from which a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986). A moving party is entitled to judgment as a matter of law when the non-moving party fails to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

§ 12102(2)(a). Whether an individual is substantially limited in performing a major life activity is a question of fact. *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 763 (3d Cir. 2004).

The District Court correctly concluded that Wilson failed to show he is disabled under the ADA. Wilson admitted that his frostbite did not affect his ability to perform any major life activities besides working, and he failed to cite specific parts of the record which would allow a jury to reasonably find that his impairment substantially limited his ability to work. Wilson himself testified that when he returned to work after recovering from the frostbite he resumed his duties like he "hadn't skipped a beat." (App. 102.) Wilson's doctor's note confirms the limited nature of his impairment: he was only to avoid *prolonged* exposure to the cold and to be able to warm up his hands *if* they started to hurt.[4] Furthermore, the record indicates that drivers could and did take breaks to warm up during the undecking process and that it was possible to perform the undecking process while wearing gloves, which Wilson was encouraged—but refused—to do.

Because Wilson failed to point to specific evidence in the record to support a finding that he was disabled under the ADA, his prima facie case of discrimination under the ADA fails, and thus his entire ADA discrimination claim cannot succeed.[5] The District Court did not err in granting summary judgment in favor of Iron Tiger.

---

[4] Although Wilson's frostbite caused him occasional pain in the affected fingers, the record does not support a finding that this pain, which Wilson only experienced during the one-hour outdoor undecking process and only in extremely cold temperatures, substantially affected his ability to work.

[5] Nor has Wilson demonstrated that he was disabled under the other two prongs for proving disability under the ADA. Wilson argues that his receipt of worker's

6

**2. PHRA Claim**

The District Court also properly dismissed Wilson's PHRA claim. The PHRA and federal anti-discrimination laws are interpreted identically, except where there is something specifically different in the PHRA's language requiring that it be treated differently. *Fasold v. Justice*, 409 F.3d 178, 184 n.8 (3d Cir. 2005). The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002). Therefore, because Wilson cannot establish the disabled element of his ADA claim, his PHRA claim necessarily fails because he similarly cannot show he is disabled under that statute.

**III. CONCLUSION**

For the foregoing reasons, we will affirm the District Court's grant of summary judgment.

---

compensation benefits and his worker's compensation leave of absence are evidence that Iron Tiger "regarded" him as disabled. However, as this Court recognized in *Marinelli v. City of Erie, Pa.*, 216 F.3d 354, 366 n.8 (3d Cir. 2000), "obtaining worker's compensation benefits certainly does not *mandate* a finding of disability under the ADA." Wilson claims there are additional factual disputes material to the question of disability, but the factual issues he cites are either undisputed, lack support in the record, or are immaterial.